VICENTE L. GIMÉNEZ, en su carácter de MIEMBRO PROPIE-
TARIO DE LA JUNTA ESTATAL DE ELECCIONES DE PUERTO
RICO y representante en la misma del PARTIDO DE OPO-
SICIÓN Y RENOVACIÓN, ETC., recurrente, v. JUNTA ESTATAL
DE ELECCIONES DE PUERTO RICO ET AL., recurridos.

*Número:* 15     *Resuelto:* 13 de marzo de 1968

*Jaime A. García Blanco,* abogado del recurrente; la Junta Estatal de Elecciones de Puerto Rico compareció a través del Superintendente General de Elecciones *Lcdo. Ernesto Mieres Calimano.*

DECISIÓN DEL JUEZ PRESIDENTE SEÑOR NEGRÓN FERNÁNDEZ.

El miembro propietario del Partido de Oposición y Renovación en la Junta Estatal de Elecciones interpuso el presente recurso, bajo las disposiciones de la Sec. 13(d) de la Ley Núm. 8 de 4 de diciembre de 1947 (16 L.P.R.A. sec. 19) —enmendatoria por adición de la Ley Núm. 79 de 25 de junio de 1919, según enmendada, que es la Ley Electoral— contra decisión del Superintendente General de Elecciones emitida el 9 de febrero de 1968, conforme a lo provisto en el párrafo 4to. de la Sec. 12 de la citada Ley (16 L.P.R.A. sec. 13).

La referida decisión fue adversa al pedido del representante en la Junta del Partido de Oposición y Renovación de que se restituyera a dicho partido—que ya a esa fecha había adquirido status de partido por petición al cumplir con los requisitos exigidos por la Ley para figurar en tal carácter en las elecciones generales de 1968—el nombre de Partido del Pueblo con el cual había figurado durante la mayor parte de su proceso inscripcionario, y el cual nombre fue rechazado por resolución de la Junta de 22 de agosto de 1967, antes de darse el reconocimiento a dicha agrupación política como

partido por petición, por entender que "Partido del Pueblo es exactamente igual al [*sic*] Partido Popular por el signíficado idéntico del vocablo . . . ." (¹)

Para hacer viable el reconocimiento de dicho partido se sometió el nombre de Partido de Oposición y Renovación en vez del nombre de Partido del Pueblo. Una vez reconocido y designados sus miembros propietario y suplente ante la Junta Estatal de Elecciones tuvo lugar el planteamiento a que anteriormente aludimos y que motiva el presente recurso.

El fundamento del Partido de Oposición y Renovación es, en síntesis, que tiene derecho a usar el nombre Partido del Pueblo por haber sido éste aceptado por el propio Superintendente durante el proceso inscripcionario y que dicho nombre no conflige en forma o manera alguna con el nombre Partido Popular Democrático; que el uso de uno y otro nombre no puede ocasionar confusión alguna en el electorado y que el nombre Partido del Pueblo no es similar a, ni tiene igual pronunciación o sonido a Partido Popular Democrático y que uno y otro nombre transmiten al público en general una connotación y acepción distinta que no puede confundir al electorado, por lo cual el uso de dicho nombre no 'está prohibido por la Sec. 37 de la Ley Electoral, no siendo aplicable la Sec. 42 al caso de autos.

---

(¹) El 25 de agosto de 1967 en comunicación dirigida al Presidente de la agrupación política Partido del Pueblo el Superintendente General de Elecciones le comunicó lo siguiente:

"En la reunión ordinaria que celebrara la Junta Estatal de 'Elecciones el martes 22 de agosto de 1967 se trajo a consideración de la Junta el que el nombre de la Agrupación Política denominada 'Partido del Pueblo' y que se encuentra en proceso de inscripción configía cón el nombre del 'Partido Popular Democrático' partido principal de la mayoría en Puerto Rico y ello violaba las disposiciones claras y terminantes de la Sección 37 y 42 de la Ley Electoral vigente. También fue objeto de discusión el que la insignia propuesta estaba en conflicto con la ley.

"Discutido ampliamente este asunto la Junta Estatal de Elecciones acordó por unanimidad rechazar el nombre así como la insignia propuesta lo que le comunico para su conocimiento."

La posición de la Junta, quien compareció por escrito por medio del Superintendente General de Elecciones—luego de hacer un recuento del proceso inscripcionario del Partido de Oposición y Renovación, y de las determinaciones de la Junta respecto al uso del nombre Partido del Pueblo—es, en síntesis, que dicho nombre es *similar* al de Partido Popular Democrático—nombre que pertenece al partido principal de la mayoría y que éste aún utiliza y reclama—por lo cual es de aplicación la prohibición de la Sec. 37 de la Ley al decir que "Ninguna agrupación política que quiera inscribir una candidatura o constituirse en partido por petición usará o adoptará . . . ningún nombre o emblema en todo o en parte similar a un nombre o emblema previamente usado o adoptado por un partido político si tal otro partido todavía reclamare o usare dicho nombre o emblema. . . ."; (²); ya que *similar* es algo "que tiene semejanza o analogía con una cosa", y *popular* significa "perteneciente o relativo al pueblo; del pueblo o de la plebe", por lo cual la similitud entre ambos nombres, Partido del Pueblo y Partido Popular Democrático, es evidente.

Convocamos a las partes para una vista el miércoles 6 del corriente, habiendo comparecido la parte recurrente por medio de letrado quien expuso sus argumentos, quedando el

---

(²) La Sec. 42 de la Ley Electoral contiene además la siguiente prohibición:

".  .  .  .  .  .  .  .

"Ningún partido político adoptará como nombre o emblema un nombre o emblema que se hubiere usado o adoptado previamente por otro partido político, en todo o en parte, si ese otro partido todavía reclama y usa dicho nombre o emblema. . . .

".  .  .  .  .  .  .  .

"El Superintendente General de Elecciones queda por la presente autorizado para negarse a aceptar y se le ordena que se niegue a aceptar cualquier nombre o emblema de un partido político que fuere presentado para su registro o archivo en su oficina que infrinja las disposiciones de esta sección. . . .

.  .  .  .  .  .  .  ."

recurso sometido a nombre de la Junta por escrito radicado al efecto por el Superintendente.

La argumentación, tanto del recurrente como de la Junta, ha girado, en esencia, en torno a las definiciones de las palabras *similar*, *pueblo* y *popular* para determinar el alcance de la Sec. 37 de la Ley Electoral y para sus respectivas conclusiones de que el nombre Partido del Pueblo es similar al de Partido Popular Democrático, según la Junta, y podría causar confusión en el electorado; y de que no es similar, según el recurrente, por lo que no podría causar tal confusión.

Una breve referencia al desarrollo y estado actual de la legislación pertinente, así como de los derechos fundamentales envueltos, nos parece indispensable para el mejor entendimiento de la cuestión planteada y de la determinación que sobre la misma hemos de hacer.

I

El derecho de los ciudadanos a organizarse en grupos de opinión con carácter de partidos políticos y proponer candidatos de su predilección para participar en el proceso electoral, tiene su origen en el fundamental derecho al sufragio, que es consustancial con la existencia misma de una democracia política. *Dávila* v. *Secretario de Estado*, 83 D.P.R. 186 (1961). La esencial igualdad en la reglamentación de ese derecho es un requisito *sine qua non* para la validez del proceso electoral. Tanto por expresiones legislativas como jurisprudenciales, se ha dado contenido de derecho vivo, en esferas varias de su ejercicio, al sentido de igualdad requerido para el adecuado disfrute de ese fundamental derecho civil y político. La igual protección de las leyes se manifiesta hoy día, más que nunca, como uno de los valores normativos de más alta jerarquía en el ejercicio de la prerrogativa electoral. *United States* v. *Classic*, 313 U.S. 299, 85 L.Ed. 1368; *Terry* v. *Adams*, 345 U.S. 461, 97 L.Ed. 1152; *Gomillion* v. *Lightfoot*, 364 U.S. 339, 5 L.Ed.2d 110;

*Baker* v. *Carr*, 369 U.S. 186, 7 L.Ed.2d 663; *Gray* v. *Sanders*, 372 U.S. 368, 9 L.Ed.2d 821; *Wesberry* v. *Sanders*, 376 U.S. 1, 11 L.Ed.2d 481, entre otros. *Civil Rights Act*, 28 U.S.C. 1343.

Ese principio de igualdad tiene expresión desde 1919 en la Sec. 4 de nuestra Ley Electoral, con las siguientes palabras: "Las elecciones se celebrarán con libertad e igualdad . . . ."

## II

La materia relativa a la nominación de candidatos por petición y a la inscripción de partidos por petición está reglamentada por la Sec. 37 de la Ley Electoral—Núm. 79 de 25 de junio de 1919, según enmendada. En la actualidad en la parte pertinente a la cuestión que aquí nos ocupa, dicha sección dispone:

"En cada una de dichas peticiones se hará constar el nombre de la agrupación poltica que los peticionarios representan y se designará en la misma una divisa o emblema sencillo, bajo el cual se imprimirán en las papeletas electorales los nombres de dichos candidatos. Ninguna agrupación política *que quiera inscribir una candidatura o constituirse en partido por petición* usará o adoptará en todo o en parte un nombre o emblema que previamente se hubiere usado o adoptado por cualquier otro partido político *o ningún nombre o emblema en todo o en parte similar a un nombre o emblema previamente usado o adoptado por otro partido político,* si tal otro partido todavía reclamare y usare dicho nombre o emblema. Tampoco se usará o adoptará ningún nombre, emblema o insignia cuyo uso, para fines electorales, esté prohibido por ley." (Énfasis nuestro.)

La Sec. 42 de la propia Ley Electoral, invocada también en su escrito por el Superintendente General de Elecciones, según rige en la actualidad, dispone en lo pertinente:

"El nombre y emblema que usarán para distinguirse en las papeletas electorales *cada uno de los partidos políticos principales,* serán los mismos que usaron dichos partidos en las precedentes elecciones, *a menos que se notifique un cambio de*

*nombre o emblema* al Superintendente General de Elecciones en o antes de las doce del mediodía del día cinco (5) de septiembre del año de las elecciones en las cuales deberán usarse.

Ningún partido político *adoptará como nombre o emblema* un nombre o emblema *que se hubiese usado o adoptado previamente por otro partido político, en todo o en parte,* si ese otro partido todavía reclama y usa dicho nombre o emblema. . . ." (Énfasis nuestro.)

La diferencia en el texto de ambas secciones es evidente: la Sec. 42 prohíbe la adopción y uso por un partido político, como nombre o emblema, de *un nombre o emblema que se hubiere usado o adoptado previamente* por otro partido político, en todo o en parte, si ese otro partido todavía reclama y usa dicho *nombre o emblema,* mientras que la Sec. 37 prohíbe—además de lo que prohíbe la Sec. 42—el que una agrupación política *que quiera inscribir una candidatura o constituirse en partido por petición* use o adopte un nombre o emblema *en todo o en parte similar* a un nombre o emblema previamente usado por otro partido político, si tal otro partido todavía reclamare o usare dicho nombre o emblema.

La prohibición contenida en la Sec. 37 respecto a las agrupaciones políticas que quieran constituirse en partidos por petición, al incluir también un nombre o emblema *en todo o en parte similar* al de otro partido político, va mucho más lejos que la contenida en la Sec. 42 respecto a cualquier partido político, cuya prohibición está limitada textualmente *al nombre o emblema* que se hubiese usado o adoptado previamente por otro partido político, en todo o en parte, sin que en ésta se extienda a un nombre o emblema *en todo o en parte similar* al de otro partido.

Una exposición comparada de la trayectoria legislativa de las Secs. 37 y 42 en lo relativo a las prohibiciones sobre el uso de *nombres* de partidos políticos desde que se aprobó la Ley Electoral en 1919 nos ayuda a formar una idea clara sobre el ámbito y alcance de cada una de ellas.

*Ley Núm. 79 de 25 de junio de 1919*

Sección 37—(No contiene prohibición alguna en cuanto a adopción o uso de nombre o emblema por los partidos por petición.)

Sección 42—(Párrafo 4to.) "El título o nombre de los partidos no contendrá título igual, *ni derivaciones* del nombre de otro partido ya inscrito con anterioridad." (Énfasis nuestro.)

(Se dispone también que no se admitirá "ninguna divisa que contenga algún signo igual o parecido a los que contenga la divisa que haya adoptado cualquier otro partido anteriormente".)

(Se dispone además que "la divisa que se use para *distinguir* cada uno de los partidos en las papeletas, será la misma que estos usaron en la elección anterior", a menos que se certifique un cambio oportunamente.)

*Enmiendas de la Ley Núm. 15 de 12 de mayo de 1920*

Sección 37—(Tampoco contiene prohibición alguna en cuanto a adopción o uso de nombre o emblema por los partidos por petición.)

Sección 42—(Párrafo 4to.) "El título o nombre de un partido político no será el mismo título o nombre, *ni derivación alguna del mismo,* que aquel que previamente se hubiere adoptado *por uno de los partidos políticos principales, o por cualquier otro partido* que haya archivado con anterioridad su *petición* nominando candidatos, en la Secretaría Ejecutiva de Puerto Rico." (Énfasis nuestro.)

(Se mantienen las anteriores disposiciones prohibiendo la admisión de divisas con algún signo igual o parecido, y sobre el derecho de los partidos políticos a usar para *distinguirse* en la papeleta, la misma divisa que usaran en la elección anterior, a menos que se certifique un cambio oportunamente.)

*Enmiendas de la Ley Núm. 74 de 30 de julio de 1923*

Sección 37—(Tampoco contiene prohibición alguna en cuanto a adopción o uso de nombre o emblema por los partidos por petición.)

Sección 42—(Quedó eliminado el párrafo cuarto que contenía la prohibición sobre título o nombre, o derivación alguna del mismo.)

*Enmienda de la Ley Núm. 2 de 18 de junio de 1924*

Sección 37—Se incluyó por primera vez en esta sección la prohibición sobre adopción o uso de nombre o emblema por un partido por petición, en la siguiente forma:

*"Disponiéndose,* sin embargo, que ningún partido político que nombre candidatos por petición usará o adoptará en todo o en parte un nombre o emblema que previamente se hubiere usado o adoptado por cualquier otro partido político o ningún nombre o emblema en todo o en parte similar a un nombre o emblema previamente usado o adoptado por otro partido político, si tal otro partido todavía reclamare y usare dicho nombre o emblema."

(Esta ley no enmendó la sección 42.)

*Enmienda de la Ley Núm. 4 de 18 de junio de 1924*

Sección 42—(Se incluye una nueva prohibición, que se transcribe únicamente en lo concerniente al caso de autos, con el siguiente lenguaje:

"Ningún partido político adoptará como nombre o emblema un nombre o emblema que se hubiere usado o adoptado previamente por otro partido político, en todo o en parte, si ese otro partido todavía reclama y usa dicho nombre o emblema.")

(Se mantiene el derecho de los partidos políticos principales, para distinguirse en las papeletas electorales, al uso del mismo nombre y emblema que usaron en las elecciones precedentes, a menos que se notifique un cambio oportunamente.)

(Esta ley no enmendó la sección 37.)

*Enmienda de la Ley Núm. 1 de 7 de mayo de 1927*

Sección 42—(Se mantiene el mismo texto de la prohibición de la Ley Núm. 4 de 18 de junio de 1924.)

(Se mantiene el derecho de los partidos políticos principales u organizados, para distinguirse en la papeleta electoral, al uso del mismo nombre y em-

blema que usaron en las elecciones precedentes, a menos que se notifique un cambio oportunamente.)

(Esta ley no enmendó la sección 37.)

*Enmienda de la Ley Núm. 3 de 6 de julio de 1932*

Sección 37—(Se mantiene la misma prohibición, con el mismo *Disponiéndose* de la Ley Núm. 2 de 18 de junio de 1924, en cuanto al uso de nombres y emblemas por los partidos por petición.)

(Esta ley no enmendó la sección 42.)

*Enmienda de la Ley Núm. 114 de 15 de mayo de 1936*

Sección 37—(Se mantiene la misma prohibición, con el mismo *Disponiéndose* de la Ley Núm. 2 de 18 de junio de 1924, en cuanto al uso de nombres y emblemas por los partidos por petición.)

Sección 42—(Se mantiene el mismo texto de la prohibición de la Ley Núm. 4 de 18 de junio de 1924.)

(Se mantiene el derecho de los partidos políticos principales u organizados, para distinguirse en las papeletas electorales, al uso del mismo nombre y emblema que usaron en las elecciones precedentes, a menos que se notifique un cambio oportunamente.)

*Enmienda de la Ley Núm. 10 de 18 de agosto de 1952*

Sección 37—(Conserva el mismo *Disponiéndose* de la Ley Núm. 2 de 18 de junio de 1924 sobre la prohibición del uso de nombres y emblemas por los partidos por petición, agregándose la de nombres, emblemas o insignias cuyo uso, para fines electorales, esté prohibido por ley.)

(Esta ley no enmendó la sección 42.)

*Enmienda de la Ley Núm. 11 de 18 de agosto de 1952*

Sección 42—(Se mantiene el mismo texto de la prohibición de la Ley Núm. 4 de 18 de junio de 1924.)

(Se mantiene el derecho de los partidos políticos principales, para distinguirse en la papeleta electoral, al uso del mismo nombre y emblema que usaron en las elecciones precedentes, a menos que se notifique un cambio oportunamente.)

(Esta ley no enmendó la sección 37.)

*Enmienda de la Ley Núm. 87 de 20 de junio de 1955*

Sección 37— (Conserva el mismo *Disponiéndose* de la Ley Núm. 2 de 18 de junio de 1924 sobre la prohibición del uso de nombres y emblemas por los partidos por petición, según enmendada en 1952.)

    (Esta ley no enmendó la sección 42.)

*Enmienda de la Ley Núm. 1 de 2 de septiembre de 1955*

Sección 37— (Conserva el mismo *Disponiéndose* de la Ley Núm. 2 de 18 de junio de 1924 sobre la prohibición del uso de nombres y emblemas por los partidos por petición, según enmendada en 1952.)

    (Esta ley no enmendó la sección 42.)

*Enmienda de la Ley Núm. 138 de 30 de junio de 1961*

Sección 42— (Se mantiene el mismo texto de la prohibición de la Ley Núm. 4 de 18 de junio de 1924.)

    (Se mantiene el derecho de los partidos políticos principales, para distinguirse en las papeletas electorales, al uso del mismo nombre o emblema que usaron en las elecciones precedentes, a menos que se notifique un cambio de nombre oportunamente.)

    (Esta ley no enmendó la sección 37.)

*Enmienda de la Ley Núm. 140 de 30 de junio de 1961*

Sección 37— (Conserva la misma disposición de la Ley Núm. 2 de 18 de junio de 1924 sobre la prohibición del uso de nombres y emblemas por los partidos por petición, según enmendada en 1952.)

    (Esta ley no enmendó la sección 42.)

*Enmienda de la Ley Núm. 3 de 26 de marzo de 1964*

Sección 37— (Conserva la misma disposición de la Ley Núm. 2 de 18 de junio de 1924 sobre la prohibición del uso de nombres y emblemas por los partidos por petición, según enmendada en 1952.)

Sección 42— (Se mantiene el mismo texto de la prohibición de la Ley Núm. 4 de 18 de junio de 1924.)

    (Se mantiene el derecho de los partidos políticos principales, para distinguirse en las papeletas electorales, al uso del mismo nombre y emblema que

usaron en las elecciones precedentes, a menos que se notifique un cambio oportunamente.)

*Enmienda de la Ley Núm. 3 de 5 de octubre de 1965*
*(Primera Sesión Extraordinaria)*

Sección 37—(Se mantiene la misma prohibición contenida en la disposición de la Ley Núm. 2 de 18 de junio de 1924 en cuanto al uso de nombres y emblemas por los partidos por petición, según enmendada en 1952. Así es que rige en la actualidad.)

De la trayectoria legislativa arriba expuesta puede observarse que hasta que se enmienda la Sec. 37 de la Ley Núm. 79 de 25 de junio de 1919 por la Ley Núm. 2 de 18 de junio de 1924 la prohibición de la Sec. 42 al uso de nombres o divisas cubría tanto a los partidos principales como a los partidos por petición; y que desde que se adopta dicha enmienda la prohibición de la Sec. 37 va dirigida específicamente a los partidos por petición, incluyéndose en la referida prohibición, por primera vez, el concepto de "en todo o en parte similar". Este concepto no se incluyó en la prohibición sobre uso de nombre o emblema que se reinstaló en la Sec. 42 por la enmienda de la Ley Núm. 4 de 18 de junio de 1924, que tampoco incluyó en dicha prohibición las "derivaciones del nombre" que contenía la Sec. 42 de la ley original, aplicable ésta, como hemos apuntado, tanto a los partidos principales como a los partidos por petición.

■ De ello puede fácilmente observarse que si bien por la Sec. 37, según rige en la actualidad, se prohibe que una agrupación política que interese adquirir status de partido *por petición,* use o adopte un nombre *en todo o en parte similar* a un nombre previamente usado o adoptado por otro partido político si tal otro partido todavía reclamare y usare dicho nombre (además de prohibir que use o adopte en todo o en parte *el nombre en sí* usado o adoptado por cualquier otro partido político), la Sec. 42 vigente *no prohibe* que un partido político ya existente use o adopte un nombre *en*

*todo o en parte similar* al de una agrupación política en proceso de inscripción como partido por petición, lo cual crearía un irrazonable discrimen en perjuicio de los partidos por petición, que en esencia atentaría contra el derecho al sufragio de una parte de la ciudadanía.

■ El que la Ley Electoral no contenga actualmente en la Sec. 42, respecto a los partidos políticos existentes, la misma prohibición que contiene en la Sec. 37 respecto a las agrupaciones que desean organizarse como partidos por petición, en cuanto al carácter de *similar* de los nombres a ser adoptados por dichas agrupaciones políticas, hace imperativo que al interpretar dicha Sec. 37 se haga de manera restrictiva en lo relativo al alcance de dicha prohibición, en orden a evitar la desigualdad de la ley en su aplicación en cuanto a ciudadanos que en el ejercicio de su prerrogativa electoral tienen derecho a la igual protección de la ley.

### III

La anterior conclusión nos lleva a examinar, en el caso de autos, con sentido restrictivo, el alcance de la prohibición de *similar* contenida en la Sec. 37, que no tiene la 42.

■ Para que dicha prohibición no lesione el principio de igualdad de sufragio entre ciudadanos de distintas ideas políticas, representados tanto por los partidos existentes como por agrupaciones que desean organizarse en partidos por petición—y como parte de ese derecho, reglamentado legislativamente, a usar un nombre para identificar su agrupación política—la similitud entre un nombre propuesto por un partido y un nombre que se usa por otro, debe ser de tal naturaleza que conlleven por sí mismos, ambos nombres, la impresión casi inequívoca a la vista y al oído—por la construcción análoga de ambos y su sonido casi idéntico—de que se trata del mismo nombre; no debe derivarse tal similitud del sólo contenido semántico de las palabras, sin más.

■ . Fundado en esta norma de interpretación restrictiva podría llegarse a la conclusión de que los nombre "demócrata" y "democrático" son similares por su construcción y su sonido; pero no podría llegarse a igual conclusión en cuanto a los nombres Partido Popular (como parte del nombre Partido Popular Democrático) y Partido del Pueblo, porque no hay similitud en la construcción ni sonido entre ellos, teniendo que recurrirse a su contenido semántico y raíz etimológica para invocarla.

No haría buen sentido pensar que un partido con el nombre de Independentista—propulsor, en su programa político, de la independencia para Puerto Rico—pudiera oponerse al uso, por otro partido, del nombre de Republicano por el hecho de que una de las acepciones de este vocablo sea *partidario de la república*; o que ambos partidos no pudieran coexistir porque se creara confusión en el electorado.

Sabido es que los nombres de los partidos políticos forman parte de la imagen pública que se crean a través de los años. Es por esa razón que la ley tiende a proteger sus nombres, que en cierta forma se convierten en un derecho de propiedad que no debe ser vulnerado o usurpado—bajo normas iguales de prohibición—por otras agrupaciones políticas, ya existentes como partidos políticos o que interesen convertirse en partidos políticos. Pero en el proceso electoral no son los nombres de los partidos políticos los que se someten a la aprobación del electorado. Se somete el contenido ideológico de sus programas sociales, económicos y políticos, respaldados por la acción y confianza que inspiren sus líderes y candidatos; y partidos largamente establecidos que han merecido la confianza de grandes sectores de la población electoral, identificados ya en la imagen pública por sus nombres, por sus insignias o emblemas y por sus programas, no pueden ser confundidos por el electorado.

Bajo las disposiciones de nuestra Ley Electoral, los partidos políticos, además de distinguirse por sus nombres en

la papeleta electoral, se distinguen también por sus emblemas o insignias, y es difícil que aun aquellos que no estén del todo conscientes de la diferencia entre los distintos partidos políticos por sus nombres y sus programas, puedan sufrir confusión en cuanto a qué partido favorecen, o por cuál partido van a votar en la papeleta electoral, identificado como está cada uno de ellos en dicha papeleta por la insignia o emblema que ha usado públicamente a través de los años y de la campaña pre-eleccionaria.

No hemos encontrado precedentes judiciales aplicables a la limitada cuestión aquí envuelta sobre prohibición de uso por partidos políticos por petición, de nombres *similares*.

En *Partridge* v. *Devoto et al.*, 82 Pac. 775, se trataba en California de la adopción, por dos nuevas agrupaciones políticas, disidentes de los partidos ya existentes "Partido Republicano" y "Partido Demócrata", de los nombres "Partido Republicano Independiente" y "Partido Demócrata Independiente." Es obvio que bajo nuestra ley el uso de tales nombres estaría vedado, bajo circunstancias similares, a cualquier agrupación política que interesare convertirse en partido por petición, no en virtud de la disposición que prohibe la adopción o uso de un nombre similar, sino en virtud de la prohibición expresa de la ley contra la adopción o uso, en todo o en parte, del *nombre* mismo de otro partido político.

Igual situación surge en cuanto al caso de *McBroom et al.* v. *Brown*, 127 Pac. 957, en el que se resolvió en el estado de Colorado que un partido por petición no podía adoptar *el mismo nombre* de "Partido Progresista" ya adoptado previamente por otro partido por petición.

No hay base para suponer—y tampoco se ha sugerido en este recurso—que el uso del nombre Partido del Pueblo que se adoptó y usó durante la mayor parte de su proceso inscripcionario, no se reclame de buena fe y no para confundir al electorado o hacerse pasar el Partido del Pueblo por el Partido Popular Democrático, al cual se opone; sino para

tener el beneficio—como se indicó por el Partido de Oposición y Renovación al reclamar el nombre de Partido del Pueblo([3]) ante la Junta Estatal de Elecciones—de identificarse debidamente ante los electores que suscribieron sus peticiones de inscripción bajo dicho nombre, como el partido que ellos ayudaron a formar.

■ En virtud de lo anterior, se resuelve que el Partido de Oposición y Renovación puede usar el nombre Partido del Pueblo, bajo el status de partido por petición para las elecciones generales a celebrarse en noviembre de 1968, y se devuelve el caso a la Junta Estatal de Elecciones para los ulteriores trámites correspondientes.

Lo decretó y firma

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*

---

([3]) En las elecciones generales celebradas en Puerto Rico el 4 de noviembre de 1952, figuró como partido local en los Precintos Electorales de Fajardo y Río Piedras I, una agrupación política denominada "Partido del Pueblo", la cual obtuvo 412 votos en ambos Precintos Electorales.